United States v. Miles

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
             ROSEMARY S. POOLER,
                              Circuit Judge.
             ERIC N. VITALIANO,
                              District Judge.$^{*}$

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                            11-5126

WESLEY ROBINSON, AKA WESLEY ROBERTSON,
AKA WES,
         Defendant,

DESHAWN MILES, AKA NOW LATER,
         Defendant-Appellant,
- - - - - - - - - - - - - - - - - - - -X

---

$^{*}$ The Honorable Eric N. Vitaliano, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLANT:**          SALLY WASSERMAN, New York, New York.

**FOR APPELLEE:**          DANIEL S. SILVER, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the United States District Court for the Eastern District of New York (Gleeson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART**, and **VACATED IN PART** and **REMANDED**.

Defendant DeShawn Miles appeals from a sentence imposed by the United States District Court for the Eastern District of New York (Gleeson, <u>J.</u>), following Miles's guilty plea to one count of conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced Miles to 108 months' imprisonment, to run consecutive to Miles's completion of a prior federal sentence which he is currently serving, as well as four years of supervised release and a $100 special assessment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On appeal, Miles contends that the district court erred in considering prejudicial evidence of an unrelated homicide and an unrelated shooting at his sentencing hearing. Specifically, Miles objects to evidence of his alleged murder of one Naquan Brown following a dispute with Brown's friend, and to evidence of his alleged shooting of Richard Miller following an incident in which Miller threatened Miles with a firearm--neither of which related to the Hobbs Act charges at issue in the case. Additionally, Miles

challenges the substantive reasonableness of the court's decision to impose a consecutive sentence.[1]

We review all sentences for abuse of discretion. United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). Our review looks for both procedural and substantive error. Id. We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). If we determine that the sentence is procedurally sound, we then review for substantive reasonableness, reversing only when the trial court's sentence "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal quotation marks omitted).

Miles argues that his sentence was procedurally unreasonable because the district court "irrevocably damaged the fairness of these proceedings in permitting the Fatico hearing to descend into a highly prejudicial and inflammatory inquest into the death of Naquan Brown." Pet'r Br. 29. He faults the court for failing to "in any way restrain or restrict the Government's adducement of proof at the hearing, [which] resulted in the adducement of a torrent of unduly prejudicial material." Pet'r Br. 33.

However, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; see also U.S.S.G. § 1B1.4. Evidence of uncharged crimes is one of many such permissible considerations. See United States v. Reese, 33 F.3d 166, 174 (2d Cir. 1994); but see United States v. Broxmeyer, 699 F.3d 265, 298 (2d Cir. 2012)

---

[1] Because Miles has challenged the court's imposition of a consecutive sentence, the government has elected not to invoke Miles's waiver of his right to appeal a sentence of ten years or less.

3

(Jacobs, <u>C.J.</u>, dissenting) (warning against over-reliance on such evidence, which may cause "the offense of federal conviction [to] become just a peg on which to hang a comprehensive moral accounting").

While the evidence of Brown's murder and Miller's shooting may have been inflammatory if it had been presented to a jury, the court acted within its discretion in hearing this evidence. Miles cannot point to case law which suggests that the government's evidence was *too* comprehensive and *too* compelling and therefore should have been stricken. Furthermore, the district court made clear that the homicide-related evidence presented at sentencing "doesn't have nearly the weight the government wishes me to ascribe to it." A 184. And the court ultimately imposed a sentence only slightly above the Guidelines range of 84 to 105 months.

Miles also questions the government's decision to bring these Hobbs Act charges *after* he had been sentenced for narcotics trafficking arising from the same transactions, thereby potentially inflating his overall prison term. But Miles (appropriately) stops short of charging the government with vindictive prosecution or sentence manipulation. Indeed, this case lacks any such indicia. <u>See</u> <u>United States v. Gomez</u>, 103 F.3d 249, 256 (2d Cir. 1997); <u>United States v. Sanders</u>, 211 F.3d 711, 717 (2d Cir. 2000).

Notwithstanding Miles's argument to the contrary, it was proper for the court to sentence him to a consecutive term of imprisonment. <u>See</u> U.S.S.G. § 50 l.3(c). The Guidelines "clearly vest[] broad discretionary authority in the sentencing court" to make such determinations. <u>United States v. Maria</u>, 186 F.3d 65, 69 (2d Cir. 1999). And, as the district court observed, Miles pled guilty to "a very serious violent crime that deserves serious punishment." A 182.

Nonetheless, remand is necessary to correct an error in the court's imposition of a four-year term of supervised release. The statutory maximum for this offense is three years. <u>See</u> 18 U.S.C. § 3583(b)(2). The government consents to a limited remand to correct this error.

4

Miles further contends that the district court did not fully consider the extent to which the bifurcated prosecution affected Miles's Guidelines range (by increasing his Criminal History Category to V). We express no opinion. Still, since we are remanding for correction of the supervised release term, we add that this mandate does not foreclose the district court from revisiting this issue should the court deem it appropriate.

For the foregoing reasons, we hereby **AFFIRM IN PART** the judgment of the district court, and **VACATE IN PART** the judgment insofar as it imposes a sentence of supervised release above the maximum allowed by law, see 18 U.S.C. § 3583(b)(2). We hereby **REMAND** for the purpose of imposing a term of supervised release at or below the three-year statutory maximum, following Miles's release from prison.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK